May it please the Court, my name is Michael Adura-Miranda, and I am here today to represent Rafael Vizcarra Ayala, the petitioner in this case. Mr. Vizcarra respectfully asked this court to reverse the BIA's decision by cancelling the removal proceedings against him, because Mr. Vizcarra was never convicted of an aggravated felony, as is required under the INA to authorize his removal. Though Mr. Vizcarra was convicted of California Penal Code Section 475C, his conviction does not qualify as an aggravated felony, defined in this case as an offense relating to forgery, because the California statute is divisible, criminalizing possession of both forged and non-forged documents. Possession of non-forged documents cannot be considered an offense relating to forgery. And since the record does not reveal any use of a forged document under the modified categorical approach, the government has failed in its burden of proving that Mr. Vizcarra actually committed a removable offense. Now you say that California covers forged and non-forged documents. Do you have any cases where that actually has been proven? I don't. I don't. I don't have any cases where California has applied 475C to non-forged documents. Your Honor, there's the case of Wade v. United States that was cited in the brief. It's a Ninth Circuit case where the facts show that California in this case applied it in a way that wouldn't be a generic definition of forgery. I know. But since then, we've had the case of Duenas-Alvarez come down. And I'm paraphrasing. I'm not trying to be too precise. But the ruling has been it's not enough to say that it could be applied. We have to show that there's a probability or a strong possibility that, in fact, it would be applied. And the best way to show that is by showing some prior appellate cases. My question to you, do you have any California appellate cases which show the application of 475C to non-forged documents? Your Honor, I'd actually like to direct the Court to the case of Georgeson v. Gonzales, which was a Ninth Circuit case that came down just a few weeks ago. And they interpreted the Duenas case to state that where a statute explicitly on its face is broader than the generic definition, it doesn't have to be shown through case law that there has to be no need to be. That was Griselle, which I remember very clearly because I dissented. But beyond that, suppose we take what Duenas-Alvarez said, not what Griselle said Duenas-Alvarez should say, right? Okay. Any California cases? Your Honor, there's no California cases. There's no? None that I could find that in appeals and none that were published. I was going to ask that question. That's a good distinction. Does it matter if they were published for this purpose, which is to demonstrate that in fact this has happened? So why — wouldn't it be sufficient for Duenas-Alvarez to demonstrate that in fact the statute had been applied this way, whether in published or unpublished appellate cases? Okay, Your Honor. Would the facts in a case like Wade or another maximum degree? The facts like the case like Wade. I mean, if we knew — and actually there are, I think, some unpublished California cases that have applied the statute to facts like Wade, is that sufficient? Yes. There are cases that are unpublished. I believe that I wasn't allowed to cite them. And you didn't cite them because you thought you couldn't. Yeah. I thought that was the case. Right. But for some purposes, like in this purpose, what we're trying to demonstrate is that this happens. Yeah. Not so much that it's right or wrong, but that it happens. And you agree that there are California unpublished cases that show that it happens. Yes. Yes, Your Honor. And I would also like to point out that if we actually look at the statutory scheme for California Penal Code Section 475, we'll see that the intent of California was to include authentic documents in it. If in Addendum 3, as Your Honors can see of our brief, our original brief, Addendum 3, California Penal Code Section 475 is broken up into Parts A, B, and C. 475A is a possession of forged instrument statute just like 475C, except it's limited to documents which are forged, counterfeited, or altered. So if 475C were to be read in the narrower term, do not include authentic documents, and only include the generic forgery documents, then 475C would be pretty much the exact same as 475A, only by reading it to include authentic documents it wouldn't make any sense in the statutory scheme. I wonder, if I were just reading 475C itself, I might think that it meant whether the form is real or fictitious, not whether the filling out of it is. In other words, whether you have a make-believe check or a real check, not whether the signature is real or not real. That seems to me to be the more sensible way to read the thing if you were reading it in the abstract. Yes, Your Honor. I mean, if you just look at the statute by itself outside of the scheme, it may look that way. But because California chose to use the word real, and then in 475A they choose to use the word altered, we have to assume through statutory interpretation that they wanted real to be more expansive to mean authentic documents that have not been falsely made or fraudulently altered. Okay. Do you want to address the exhaustion problem, which is a problem? Oh, okay. Your Honor, Mr. Vizcarra exhausted his administrative readiness in his brief to the BIA in stating that 475C was broader than the aggravated felony through the categorical approach. He put the BIA on notice that this issue would come up, the same issue that we're dealing with today. Very, very poorly, though, because he argued about a different – about crimes of violence instead of about crimes relating to forgery. Yes, Your Honor. Whether he was talking – the crime of violence was a side issue, and he was talking about aiding and abetting specifically and making it broader. But whether he's talking about aiding and abetting or non-forged documents like we are in this case, the government, to counter this argument, would still have to go through the same categorical approach and go element by element for 475C to see whether the statute is broader or if they find it meets the generic definition of a forged document. The BIA made the determination for itself when they countered it, and in its own decision they raised it by saying that 475C in a de novo hearing constitutes an aggravated felony. And so they had to go through the same approach that we are going through today and had to decide for themselves what they believed real and fictitious meant. So they were well aware that – well aware and made a decision on the argument which fulfills the burden of exhausting the administrative remedies. Do you want to save time? Yes, I do, Your Honor. Okay. Thank you very much. I just wanted to point out that you are a student, are you not? Yes. From a clinic in Santa Clara, and you're doing a fabulous job. So thank you very much. Okay. Thank you. Amen. Good morning. May it please the Court, my name is Stephen Elliott and I represent the Acting Attorney General. Petition for review should be dismissed because the petitioner failed to exhaust his administrative remedies by failing to raise his claim that he raises in opening his brief to the Board in the first instance. Alternatively, the petition for review should be denied because the immigration judge and the Board of Immigration Appeals reasonably found that his conviction under Section 475C categorically constituted a crime relating to forgery as defined by 8 U.S.C. 1101A43R. Petition was provided at least two opportunities, once before the immigration judge and once before the Board of Immigration Appeals, to prove the legitimacy of his claims and to show that he is able to remain in this country, and he has failed to do so. Again, the petition for review should be dismissed because the petitioner failed to exhaust his administrative remedies by failing to raise his claims to the Board in the first instance. This Court has acknowledged that the policy justifications underlying the exhaustion requirement are to provide the Board an opportunity in the first instance to correct any errors or correct any problems in the administrative process. Likewise, this Court has found that it's not enough for an alien merely to raise a general claim before the Board of Immigration Appeals, but rather he must specify the issues that constitute the basis of the appeal before the Board. The issue was that he thought forgery was not a basis for excluding him, and the Board seemed to understand that was the issue, even though it was very poorly argued per se, because it decided the question. Why isn't that enough? Doesn't our case law pretty much establish that if the Board actually decides something, that exhaustion is sufficient? That's correct. This Court has found that if a Board sui sponte decides an issue in certain instances, that is enough. Well, sui sponte is one way to put it, but another way is that they, you know, they at least got that he was challenging on Taylor grounds the conviction for which he was being removed, even if he wasn't doing it very artfully. That's correct, but this Court has found that it doesn't stop this. This Court must determine whether the Board decided the issue thoroughly enough, and that the statutory, the underpinnings, the exhaustion underpinnings, the policy rationales behind that doctrine have been satisfied. And in this instance, Petitioner raises a fairly specific question of statutory interpretation in his opening brief, and that is that specific issue of statutory interpretation was never raised to the Board in any sense. It was merely a general challenge to the immigration judge's holding, the only holding that the immigration judge made, in that his conviction constituted an aggravated felony. And the statutory, the policy rationales really have not been satisfied in this case, and it can hardly be said the Board should sit down and try to think of every conceivable argument that a Petitioner may raise in his opening brief. The Board distinctly stated that the Respondent's criminal conviction for forgery in violation of Penal Code 475 constitutes an aggravated felony. So it was they knew that Biscarra was arguing that forgery didn't, and it found that it did, right? That's correct. He was wrong in citing to a different section of the aggravated felony statute. It had to do with crimes of violence. Of course, forgery is not a crime of violence. He should have cited subsection R and not subsection D. But as a pro se appeal, we have a lot of cases saying we should liberally construe pro se petitions. Do we not? You do. That is correct. But, however, even the most liberal interpretation of his brief, he does not raise this specific argument. This is a very specific argument involving statutory interpretation. But the Board could have simply said we're not going to decide whether or not forgery is a, under California law, meets definition because he didn't raise it. But they didn't say that. They decided it. And once that happens, to start, you know, picking apart, and they made a generic statement. They didn't say it's given on this basis it is, or they just made a generic statement. And at that point, why don't we take them at their word and then decide whether they're right or wrong? Again, I just want to restate that the Board should be given the opportunity in the first instance to decide whether this specific argument that he now raises in his opening brief could be resolved, could be resolved in the administrative process. If there was an error that other ---- So are you, therefore, asking us to remand the issue? No, I am not. This is an unexhausted issue. He had his chance to raise it before the Board, and he failed to do so. What about merits, if we were to reach them? Yes. The merits, the immigration judge and the Board of Immigration Appeals reasonably found that his conviction categorically constituted a crime relating to forgery. And this Court does review the case de novo, but it should provide deference to the Boards and the agencies. Is that true that we have very specific case law saying that we don't defer to the Board with regard to the question of whether or not a statute, a State statute meets a categorical, a category? I apologize. I'm not aware of any case law on such, but ---- And also particularly in this instance, it's really a State law that you're construing. The issue at this point has crystallized to the question of what does the State law mean. So why is the BIA any expert on that question? Well, it's an expert on what constitutes an aggravated felony of 1101A43R. And that is ---- But that statute is not part of the Immigration Act, is it? I believe it is. It's in 18 U.S.C. It's in the criminal statute. It's in the criminal code. No, 8 U.S.C. Section 1101. It's in 18 U.S.C., is it not? I believe it's 8 U.S.C. I apologize if I'm incorrect, but I believe it's 8 U.S.C. 1101. Well, go ahead. I will check that in a minute. Other similar ---- other courts of appeals have specifically found ---- You're right, it's 8 U.S.C. Go ahead. Other courts of appeals have specifically found that State statutes which criminalize possession of forged instruments are crimes relating to forgery. These are necessarily crimes that are the act of forgery itself, but rather ---- You didn't address in your brief, and you're not addressing now, the argument that's being made, which is that under California law, the instrument ---- this particular California statute would cover a bad check, as I understand it. In other words, where the person actually signs it in their own name and signs a legitimate document in their own name, but doesn't have authority to do it or doesn't have the money to cover it and so on. And that's the argument that's being made because of the real and fictitious language. You're not ---- you didn't address that in your brief. You're not addressing it now. The Respondent would disagree with that interpretation of the California statute. I suppose we knew that there were instances in which it has been applied that way in unpublished appellate decisions. Which I believe is true, and I understand why the word cited.  Unpublished decisions? Unpublished California decisions demonstrate that the statute has been applied that way. That would be for this Court to determine its precedential value. In the ordinary sense, the Board found that ---- Why does the precedential value matter as opposed to whether it's actually applied that way? That's ---- that is a point that should be considered. The California applies it in a specific manner. I'm not aware of these unpublished decisions and whether these are outlining cases. The ---- Let me give you one. It's a case of People v. Veal. A check was given to the defendant and she ---- it was for a downstairs neighbor and she endorsed it with her own name. No forgeries. She was prosecuted and convicted. I'm sorry. No element of altering the document, no element of signing the downstairs neighbor's name. Signed her own name, tried to pass it, tried to get it cashed. But no forgery. It would be the government's contention that that was altering the check. By endorsing it over to herself, she was altering the written instrument. But there was no altering of the check. There was no crossing out and putting in some other's name. She used her real name and the check was made out to somebody else. She tried to pass it. And that would be the Respondent's contention that that is altering a check. If it's not made out to her and she endorses it over to herself, she's altering that instrument to effectuate her fraudulent intent, which is an element of Section 475C. You say it's altering, and that's right. Okay. That would be our contention. That would be the altering of a check. But there's a whole line of, you know, of these old cases about what forgery is, which seem to say that for misrepresenting yourself as an agent, for example, is not forgery. Isn't that what she was doing? I believe, and I'm also looking at previous case law in the circuit, that the common law definition of forgery would be to alter a real instrument. And in this case, by endorsing it over to herself, she was altering that instrument. That instrument was meant for somebody else. It was meant to be made out to somebody else. So if I sign a check to deposit it, then I'm altering the instrument? Well, if you had the fraudulent intent, if you had the intent to defraud somebody. I'm not altering it. I'm simply using it the way it's supposed to be used. I may be – if I'm signing it with my own – if, for example, isn't that what the agency cases are all about? If somebody signs it and says, I'm – you know, pay this over to me because I'm an agent of X company, but in fact you're not, that's a problem, but it's not a forgery. It's a false pretenses problem. I would agree under that hypothesis. And on the other hypothetical, the actually endorsing it over to yourself, I would argue that that would be the alteration of a real instrument and, therefore, would be encompassed by common law forgery offenses. And I see I'm out of time. Okay. I just want to conclude by the government request that the petition for review be dismissed because of the exhaustion grounds and alternatively denied. Thank you very much. Thank you very much. Okay. Counsel? You have two and a half minutes approximately. Your Honor, I have three issues I'd like to discuss on rebuttal. The first is the issue of exhaustive administrative remedies. As it was pointed out by the court, Agamemnon versus the INS state that anything that is written by the petitioner that kind of touches the issue should be construed liberally in his favor. And without regard to whether he uses the actual legal language or not, but in this case he actually used the legal language. He cited Taylor. He cited the categorical approach. He stated that it's broader than the generic definition of the aggravated felony. In all of these, putting the government on notice, and, again, I'd like to state that the BIA raised the issue itself, exhaustive administrative remedies forum. When they made the decision that 475C constitutes an aggravated felony, they would have had to go through the categorical approach element by element, dealing with the element here of whether real means forged, non-forged, document. And they decided it, giving them notice, obviously, that it was on the hold, and giving them a chance to decide it before it came to the court today. Secondly, I'd like to state that the BIA does not get deference. This is a matter of law. And this Court, it's a de novo hearing. And its decision about whether 475C is the categorical equivalent should not get deference to what they did. This is purely a question of law. And thirdly, I'd like to discuss, actually, I'd like to discuss this case called, it's called Figaro v. San Luis Obispo. It's a Ninth Circuit case that was unpublished. And in this case, a man took, he got a ‑‑ What year was that case decided? Sorry, Your Honor. That was like, I think it was 2003 or so, around. Okay. Well, we, they're not, those cases are not precedent. If you're going to use them in the manner that I was describing, that's okay. Oh, I was, yeah. Your Honor, I was just trying to point out another fact of how you could use a money order in a way that wouldn't actually be forgery. Yeah. So you're using it descriptively. Yeah, descriptively. Sorry, Your Honor. In this case, a man bought a diamond with the money order and then went back to the bank and tried to cancel the money order. He got charged for forgery. Well, this is obviously not forgery. This is theft or fraud. It was the use of authentic document with the intent of the fraud. Under California law, he was charged with fraud. He was charged under California law, and then I read it in the Ninth Circuit because he was fighting. You might leave that citation before you go. Okay. Thank you, Your Honor. Thank you very much. And, again, thank you very much for the clinic's work. It's really useful to us, and you did a very good job. Thank you, counsel. The case of Viscar Aella v. Gonzalez is submitted, and we're going to take a short break.  Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Berzon, Bea, Gibson